UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| W. Ralph Garris,    Petitioner, | |
| Wallace Johnson, | C/A No. 2:05-909-GRA-RSC |
| Plaintiff, | |
| v. | **ORDER**<br>(Written Opinion) |
| Joanne B. Barnhart, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff's attorney petitions this Court for an award of attorney's fees in the above-captioned case under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff seeks $4710.00 in attorney's fees for 31.4 hours at $150.00 per hour and $250.00 in costs for a total of $4960.00. The government objects to an award of attorney's fees.

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Commissioner of Social Security denying him claims for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. The magistrate judge to whom this case was assigned recommended reversing the case under sentence four of 42 U.S.C. § 405(g) and 1383(c)(3) and remanding the case to the Commissioner to reassign the case to the Greenville Division for a full and fair assessment of the

1

Plaintiff's educational level and continuation of the sequential evaluation process. This Court adopted the Report and Recommendation in its entirety on October 19, 2005.

The government objects to an award of attorney's fees on the basis that the Commissioner's position was "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A). The EAJA provides for an award of attorney's fees to a prevailing party, other than the United States, unless the court finds that the position of the United States was substantially justified or special circumstances make an award of fees unjust. *Id.* Substantial justification requires justification to "a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Commissioner's position must have had "a reasonable basis both in law and fact." *See Pierce*, 487 U.S. at 565; *see also Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991) and *Smith v. Heckler*, 739 F.2d 144, 146 (4th Cir. 1984). A "position can be justified even though it is not correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct . . . ." *Underwood*, 487 U.S. at 566 n.2.

This Court agrees with the government's contention that it is incorrect to equate the substantial evidence standard under the Social Security Act, 42, U.S.C. § 405(g), with the substantial justification standard under the EAJA. "[T]he reversal of an agency for lack of substantial evidence does not raise a presumption that the agency was not substantially justified." *Pullen v. Bowen*, 820 F.2d 105, 108 (4th

Cir. 1987), *abrogation on other grounds recognized*. The magistrate recommended reversing the case under sentence four of 42 U.S.C. § 405(g) and 1383(c)(3) and remanding the case to the Commissioner to reassign the case to the Greenville Division for a full and fair assessment of the Plaintiff's educational level and continuation of the sequential evaluation process. There being no objection to the Report and Recommendation, this Court adopted the Report in its entirety on October 19, 2005. However, after a review of the magistrate judge's Report and Recommendation and in the Memorandum in Support of the Commissioner's Decision, it was reasonable for the ALJ to conclude, based on the information before him, that Plaintiff was not disabled and for the Commissioner to defend that decision in district court. *See, e.g., Pullen*, 820 F.2d at 109. Therefore, this Court finds that the Commissioner's position in this case was substantially justified.

After a review of the record and Petitioner's petition and reply, this Court finds that an award of attorney's fees in the amount requested is not appropriate and will DENY the petition.

IT IS THEREFORE ORDERED that Petitioner's petition for an award of attorney's fees is DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
November 18, 2005