UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Wallace Johnson, <br><br>             Plaintiff, <br><br> v. <br><br> Michael J. Astrue, <br> Commissioner of Social Security, <br><br>             Defendant. | C/A No. 2:05-909-GRA-RSC <br><br><br> ORDER <br> (Written Opinion) |

Plaintiff's attorney petitions this Court for an award of attorney's fees in the above-captioned case pursuant to 42 U.S.C. §406(b). Plaintiff's attorney seeks $9,662.80 in attorney's fees, which represents 25% of the award ($16,662.80) minus the fee previously awarded to plaintiff's attorney by the Social Security Commission ($7,000.00). Plaintiff's attorney states that plaintiff was represented under a contingent fee agreement and thus he is entitled to 25% of the recovery. *See Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

The government filed a notice of intent not to respond to plaintiff's petition, yet in its memorandum the government claims that counsel is foreclosed from any fee because his petition was untimely under Local Rule 83.VII.07. The rule provides that the petition for attorney's fees is to be filed within "sixty (60) days after the expiration date for filing a notice of appeal or petition for writ of certiorari or affirmance of the judgment on appeal. Noncomplaince with this time limit shall be deemed a waiver of any claim for attorney's fees."

The Court finds that counsel's petition was timely filed. Subsection (b) states

1

that the petition should "contain evidence (copy of Certificate of Social Insurance Award) that the case has reached the final determination, that the Commissioner is withholding the fee requested…". This evidence was not produced until December 8, 2006. Counsel filed the petition for attorney's fees on February 6, 2007. Therefore, counsel was in compliance with Local Rule 83.VII.07.

After a review of the record, Plaintiff's attorney's petition, the government's non-response thereto, and petitioner's reply, this Court finds that an award of attorney's fees in the amount requested is appropriate.

IT IS THEREFORE ORDERED that Plaintiff's attorney be awarded nine thousand, six hundred sixty-two dollars and eighty cents ($9,662.80) in attorney's fees.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

March 13, 2007

Anderson, South Carolina